GEORGE F. RICHARDSON *versus* SILAS W. MERRILL.

If land be devised to two persons in fee, with a condition annexed to the estate, that it should be improved by them in common, the land is subject to partition; for the partition of the fee would not destroy the right to have it improved in common.

By the devise of a " *ship yard, the privilege thereon to be improved equally between the heirs of my son S. C. aforesaid, deceased, and my son W. C.*" the mode of improvement is limited to the son and grandsons of the testator, and does not remain after they cease to be interested in the land.

PETITION for partition of a tract of land in Falmouth, called the ship yard. The case depended on the construction to be given to the will of Samuel Cobb, senior, which will was approved March 16, 1790. All the portions of the will, having any relation to this question, are given literally in the opinion of the Court.

At the trial, the respondent contended, that the title to the ship yard was held in such manner that it was not subject to be divided by this process of partition. SHEPLEY J. presiding at the trial, ruled that the ship yard was subject to partition. If in the opinion of the Court, it is subject to partition, judgment was to be entered that partition be made; but if not, the petition was to be dismissed.

*Fessenden, Deblois & Fessenden,* for the respondents, contended, that the ship yard was not subject to be partitioned by judgment of Court.

The leading object, in the construction of wills, is to ascertain the intention of the testator, as discovered in the will; and to ascertain the intent, the terms of the devise must be construed according to their natural meaning, and conformably to the rules of law. *Richardson* v. *Noyes,* 2 Mass. R. 58; *Davis* v. *Hayden,* 9 Mass. R. 518; *Crocker* v. *Crocker,* 11 Pick. 257. The intention is manifest, that this should not be partitioned.

This intention of the testator is not repugnant to any rule of law. It is not an entailment, Cruise. Title, 32, c. 23. The testator had a right to annex such a condition of enjoying and

possessing the estate, in his will. 1 Shep. Touchstone, 118, and following pages; 2 T. R. 137; 2 Cruise, 50.

The devisees under the will of Cobb having taken that property, they and their grantees are bound to comply with the condition. 2 Cruise, c. 13, § 16; Bro. Ch. R. 165; Co. Lit. 236 (b); 1 Rol. Abr. 250; 1 Lev. 174.

*W. P. Fessenden*, for the petitioner, said it was a well established rule of law, in the construction of devises, that a will is not to be construed strictly, like a deed; but the intention of the testator, as gathered from the whole instrument, though not expressed in the proper legal and formal words, is to be carried into effect. 6 Cruise, 171; 4 Com. Dig. 152; *Cook* v. *Holmes*, 11 Mass. R. 531; and the cases cited for the respondent from 2 Mass. R. 58, and 1 Pick. 257.

It was not the intention of the testator, as *assumed* by the counsel for the respondent, to devise a mere privilege of using the land of which partition is sought; merely giving a limited right of enjoyment, for a specific purpose.

It was the intention of the testator to give, and the will does give, an estate in fee. By a devise of the rents and profits, or of the income of lands, the land itself passes. 1 Salk. 228; *Reed* v. *Reed*, 9 Mass. R. 372. A devise of the use and improvement of an estate to one for life, with remainder to his heirs, gives a life estate in the premises, with remainder over. *Claflin* v. *Perry*, 12 Mass. R. 425; *Whitney* v. *Whitney*, 14 Mass. R. 88.

A devise to one, without words of inheritance, may give an estate in fee, if from the whole will, such intention is to be inferred. *Cook* v. *Holmes*, 11 Mass. R. 531; *Fox* v. *Phelps*, 17 Wend. 393.

As bearing on the points made by strong analogy were cited *Moore* v. *Fletcher*, 16 Maine R. 63; *Maddox* v. *Goddard*, 15 Maine R. 218; *Whitney* v. *Olney*, 3 Mason, 280. The intention of the testator, in the present case, was that the devisees should take the entire estate.

The opinion of the Court was drawn up by

SHEPLEY J. — The petitioner claims to have partition made of a tract of land called the ship yard. It is admitted, that each party exhibited title deeds purporting to convey to him one undivided half of it as derived by mesne conveyances from the devisees of Samuel Cobb. Partition is resisted on the ground, that the devise required, that it should be improved in common. The testator devised to the heirs of his son, Samuel Cobb, deceased, the southwest part of his home estate, " excepting fifty acres of the northeast part of homestead, together with the house and barn on the same, which I set off to my son William, excepting the ship yard, the privilege thereon to be improved equally between the heirs of my son, Samuel Cobb, aforesaid, deceased, and William Cobb." By another clause the fifty acres are devised to William Cobb. It is not necessary to decide, whether by these words of the will, " the privilege thereon to be improved equally between the heirs of my son, Samuel Cobb, aforesaid, deceased, and William Cobb"; the fee of the ship yard was devised ; for, if not, it would remain in the testator and be devised to the same persons and in the same proportions by the residuary clause in these words : — " It is my will, that all my goods and any part of my estate not before mentioned is to be equally divided between the heirs of my son, Samuel Cobb, deceased, and William Cobb." There can be no doubt, that by one or the other of these clauses the fee of the ship yard was devised in equal portions to William Cobb and to the heirs of Samuel. The parties respectively have therefore by purchase acquired title to one undivided half of it in fee. And if the argument should be admitted to be correct, that it was the intention of the testator to annex it as a condition to the estate, that it should be improved by them in common, it would not be a valid objection to a partition. *Fisher* v. *Dewerson*, 3 Met. 544. Because the partition of the fee would not destroy the right to have it improved in common.

The language used by the testator does not however provide, that the ship yard should be equally improved by William

and the heirs of Samuel, and their heirs and assigns. It is limited to the improvement to be made by his son and grandsons. He could not be expected to desire to control the use of it after they should cease to be interested in it; and there is no indication of any such desire or intention. A perpetual limitation of the improvement of an estate to one mode and for one purpose binding under all the changes, to which estates in this country are subjected, should not be inferred from the use of language not requiring any such construction, when permitted to have its full and literal effect.

*Judgment that partition be made as agreed.*